**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **PAUL SMITH, # B-64568,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-cv-00876-JPG** |
| | ) | |
| **LORI OAKLEY, TIMOTHY VEATH,** | ) | |
| **DAVID JOHNSON,** | ) | |
| **MICHAEL ATCHISON,** | ) | |
| **BARB MUELLER, SARAH JOHNSON,** | ) | |
| **SHERRY BENTON, DANA OPOLKA,** | ) | |
| **and SALVADORE GODINEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Paul Smith, an inmate currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Defendants, who are all officials at Menard Correctional Center ("Menard") or the Illinois Department of Corrections ("IDOC"), failed to provide him with an impartial hearing on a disciplinary ticket and/or ignored his grievances regarding the same, in violation of his constitutional rights. He seeks compensatory and punitive damages (Doc. 1, p. 22).

Plaintiff is a frequent litigator in this Court. He has accumulated all three of his allotted "strikes" under 28 U.S.C. § 1915(g) for filing lawsuits that are legally frivolous, malicious, or fail to state a claim upon which relief may be granted. *See, e.g., Smith v. Pender*, No. 09-cv-00349-MJR (S.D. Ill. Dec. 11, 2009) (order dismissing case); *Smith v. Conder*, No. 09-cv-00304-GPM (S.D. Ill. Oct. 23, 2009) (same); and *Smith v. Hulick*, No. 08-cv-00871-JPG (S.D. Ill. June 15, 2009) (same). The Court of Appeals for the Seventh Circuit has issued an Order prohibiting

Plaintiff from attempting to "proceed in forma pauperis without either disclosing that he has three strikes or establishing that he is in imminent danger. . . ." *Smith v. Pender*, No. 09-4155 (7th Cir. Apr. 22, 2010).  Plaintiff filed this action on August 26, 2013, without attempting to proceed *in forma pauperis*, but he also failed to pay a filing fee.  Facing dismissal of his complaint if he did not do one or the other within thirty days, Plaintiff paid the $400 filing fee on September 23, 2013.  This matter is now ripe for preliminary review of the complaint under 28 U.S.C. § 1915A.

**<u>The Complaint</u>**

Plaintiff's claims arise from a single disciplinary ticket that he received on October 13, 2012, for assaulting an inmate, causing a dangerous disturbance, fighting, and disobeying a direct order (Doc. 1, p. 6).  He provides no explanation of the incident giving rise to the ticket, and he does not dispute that an incident occurred.  Plaintiff alleges that he was placed in segregation on October 13, 2012, and ultimately found guilty of assault at an adjustment committee hearing on October 18, 2012 (Doc. 1, pp. 6-7).

Plaintiff now sues nine defendants for the role each of them played in this process.  He appears to claim that each retaliated against him by violating his constitutional right to due process and equal protection under the law and to access the Court.  In the 24-page complaint and 66-page exhibit, Plaintiff meticulously traces the meandering path of his disciplinary ticket and his ensuing appeals and grievances through the hands of each Defendant over the course of nearly ten months, moving backward and forward in time and space so quickly and unexpectedly that this Court finds the complaint dizzying.  No doubt, Plaintiff's complaint flirts with a violation of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff alleges that Defendants Timothy Veath and David Johnson, who are both members of Menard's adjustment committee ("AC"), conducted an improper hearing on his disciplinary ticket in violation of his right to due process of law (Doc. 1, pp. 6-7).   At the hearing, Defendant Veath asked Plaintiff to explain how he could be charged with fighting and assault (Doc. 1, p. 6).   While the question was pending, Defendant Veath took a phone call. Plaintiff speculates that the call came from internal affairs.   Defendant Veath remained on the phone for five seconds before hanging up and listening to Plaintiff's answer, which happened to be: "I don't have a clue" (Doc. 1, p. 6).   An officer, who is not named as a defendant in this action, spoke at the hearing.   An internal affairs officer, who is also not named, entered the room afterwards but offered no testimony in Plaintiff's presence.   Although Plaintiff requested permission to call a witness, he was not able to do so.   At some point, Plaintiff was asked to leave the room.   When he returned, Defendant Veath informed him that the adjustment committee found Plaintiff guilty of assault (Doc. 1, p. 7).   When Plaintiff stated that he had not formally entered a plea or testified to his version of the events, Defendant Veath responded, "It really doesn't matter" (Doc. 1, p. 7).   The summary of the proceedings indicates that Plaintiff entered a plea of "not guilty" and offered testimony of a witness; Plaintiff disputes both statements (Doc. 1, p. 6; Doc. 1-1, pp. 25-26).   He received one year of C-grade, segregation, and commissary restriction (Doc. 1-1, p. 25).

Plaintiff went to great lengths to appeal this decision (Doc. 1, pp. 7-23; Doc. 1-1).   He spares the Court no details in describing his efforts.   In fact, he devotes seventeen pages of the complaint and virtually all of the 66-page exhibit to this description.   When the allegations are distilled to their essence--as they should have been to begin with--they are as follows: (1) Defendant Timothy Veath (Menard AC chairperson) denied Plaintiff an impartial hearing on

3

his disciplinary ticket by refusing to allow Plaintiff to enter a plea, denying Plaintiff's request to call a witness, and refusing to hear Plaintiff's testimony (Doc. 1, pp. 6-7, 13, 17-18); (2) Defendant David Johnson (Menard AC member) did the same (Doc. 1, pp. 6-7, 13, 17-18); (3) Defendant Barb Mueller (Menard counselor) ignored Plaintiff's grievances and appeals (Doc. 1, pp. 10, 13, 19); (4) Defendant Dana Opolka (Menard counselor) also ignored Plaintiff's grievances and appeals challenging the hearing (Doc. 1, pp. 14, 19-20); (5) Defendant Lori Oakley (Menard grievance officer) delayed a response to Plaintiff's appeals and grievances for more than three months (Doc. 1, pp. 8-10, 13, 16, 19-20); (6) Defendants Michael Atchison (Menard warden) "failed to intervene" or even respond to Plaintiff's grievances (Doc. 1, p. 9); (7) Defendants Sarah Johnson (IDOC Administrative Review Board ("ARB") chairperson), Sherry Benton (IDOC ARB chairperson), and Salvador Godinez (IDOC director) "turned a blind eye" to the problem (Doc. 1, pp. 7-8, 16-20). Plaintiff claims that this conduct amounted to retaliation—for what, he did not say. In any event, Defendants' conduct allegedly deprived Plaintiff of his constitutional right to due process and equal protection under the law and to access the Court. He now seeks to have his disciplinary ticket expunged (Doc. 1, p. 22). He also seeks compensatory and punitive damages.

## Merits Review Under § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. *See* 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

4

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  After fully considering the allegations in the complaint, the Court deems it appropriate to exercise its authority under § 1915A(b) and dismiss some of Plaintiff's claims as discussed herein.

**Discussion**

The Court finds it convenient to divide the complaint into five counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:**  Fourteenth Amendment claim against Defendants for violation of Plaintiff's right to due process at his prison disciplinary hearing.

**Count 2:**  Fourteenth Amendment claim against Defendants for violation of Plaintiff's right to due process based on Defendants' failure to process Plaintiff's grievances and/or appeals.

**Count 3:**  Fourteenth Amendment equal protection and/or discrimination claim against Defendants.

**Count 4:**  First Amendment claim against Defendants for denying Plaintiff access to the courts.

**Count 5**:  Retaliation claim against Defendants.

### Count 1 - Due Process Violation at Disciplinary Hearing

Plaintiff alleges that he was denied due process in his disciplinary proceeding, which led to his one-year confinement in disciplinary segregation.  Having fully considered the allegations in the complaint, the Court *cannot* say that Plaintiff has failed to state sufficient allegations of a colorable Fourteenth Amendment Due Process claim (**Count 1**) against Defendants Timothy Veath and David Johnson at this very early stage in litigation.  As the Supreme Court has observed, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner.  *See Wolff*, 418 U.S. at 563-69; *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence."  *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis.  *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).  Even a meager amount of supporting evidence is sufficient to satisfy this inquiry.

*Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).   Plaintiff alleges that he was denied an opportunity to present his version of events, to call a witness to testify, and to formally present his plea.   Following this allegedly flawed hearing, Plaintiff's disciplinary segregation was sufficiently long to trigger an inquiry into whether the conditions of that segregation were unusually harsh compared to the normal prison environment.   *See Sandin v. Connor*, 515 U.S. 472, 486 (1995); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 699 (7th Cir. 2009).   Although further factual development of this claim will certainly be necessary, Plaintiff shall be allowed to proceed with Count 1 against Defendants Veath and (David) Johnson at this time.

Count 1 fails as to all remaining defendants.   Plaintiff does not allege that any other defendants participated in the disciplinary hearing.   Plaintiff, and many other inmates, seems to think that any prison employee who knows (or should know) about his problems has a duty to fix those problems.   That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).   *See also Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'"); *Sanville*, 266 F.3d at 740 (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).   *See also Monell*, 436 U.S. 658.   Because Plaintiff's complaint contains no allegations suggesting that any other defendants were personally involved in the disciplinary hearing, or a constitutional violation arising therefrom, Count 1 shall be dismissed against all remaining defendants.

## Count 2 – Failure to Process Grievances

Plaintiff has failed to state a Fourteenth Amendment claim (**Count 2**) against Defendants for failing to process his grievances.   Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.   As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."   *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).   *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).   Plaintiff claims that Defendants Oakley, Atchison, Mueller, Opolka, (Sarah) Johnson, Benton, and Godinez delayed or disregarded his grievances and/or appeals over the course of ten months. Under the circumstances, this conduct does not give rise to a claim under the Fourteenth Amendment, and Count 2 fails against these defendants.   It also fails against Defendants Veath and (David) Johnson, who had no personal involvement in processing Plaintiff's appeals and/or grievances.   Accordingly, Count 2 shall be dismissed against all defendants.

**Count 3 – Equal Protection/Discrimination**

The Court finds Plaintiff's equal protection/discrimination claim (**Count 3**) equally unavailing.   The complaint alleges that Plaintiff was subject to discrimination and violations of equal protection under the law.   In no way does Plaintiff develop this claim in the complaint, either factually or legally.   And although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.   *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."   *Id*.  Plaintiff's complaint contains nothing more than bald assertions related to

discrimination and equal protection.  This claim fails.  Count 3 shall be dismissed against all defendants.

## Count 4 – Access to Courts

Plaintiff has also failed to articulate a colorable access to courts claim (**Count 4**). Prisoners have a fundamental right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to 42 U.S.C. § 1983.  Actual or threatened detriment is an essential element of a § 1983 action for denial of access to the courts.  *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).  Such an allegation must be more than merely conclusory:

> The requirement that prisoners making access-to-courts claims allege specific prejudice should not be understood as an onerous fact-pleading burden; it is simply a requirement that a prisoner's complaint spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  The complaint must "'allow the court to determine at the outset of the litigation, before costly discovery is undertaken, whether the plaintiff has any tenable theory or basis of suit,' and . . . place the defendants on notice of the plaintiff's claim so that they can begin to prepare their defense."  *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (quoting *Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir.1999)).  In the instant case, Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts, by way of a missed opportunity to bring a claim, his loss of a substantive right caused by Defendants, etc.  Accordingly, Count 4 shall be dismissed against all defendants.

**Count 5 – Retaliation**

Plaintiff's retaliation claim against Defendants shall also be dismissed.  In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s).  *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  The Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action.  *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).  The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice.  *Higgs*, 286 F.3d at 439.  Although the complaint includes references to retaliation, vague references do not support a retaliation claim against Defendants.  Plaintiff does not indicate what protected activity was deterred, what act constituted retaliation, or what might have been the motivating factor.   Accordingly, Count 5 shall be dismissed against all defendants.

**Pending Motions**

Plaintiff has filed a motion to appoint counsel (Doc. 2), which shall be referred to United States Magistrate Judge **Philip M. Frazier** for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that Count 2 is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.   Counts 3, 4, and 5 are **DISMISSED without**

**prejudice** for failure to state a claim upon which relief may be granted.

  **IT IS ALSO ORDERED** that Defendants **OAKLEY, ATCHISON, MUELLER, (SARAH) JOHNSON, BENTON, OPALKA** and **GODINEZ** are **DISMISSED without prejudice** from this action.

  As to service of process on Defendants **TIMOTHY VEATH** and **DAVID JOHNSON,** the Court recognizes that because Plaintiff is incarcerated in a different institution from the location where his claims arose, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this action, therefore, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants. However, if Plaintiff desires to request the appointment of the United States Marshal to serve process on the Defendants, Plaintiff shall file a motion for service of process at government expense, within 35 days of the date of entry of this order.  The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion.

  If Plaintiff does not timely file a motion for service of process at government expense, it shall be Plaintiff's responsibility to have Defendants **TIMOTHY VEATH** and **DAVID JOHNSON** served with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4.  Plaintiff is advised that only a non-party may serve a summons.  FED. R. CIV. P. 4(c)(2).

  If Plaintiff requests the appointment of the United States Marshal, the Clerk of Court shall prepare a summons and copies of the complaint and this Memorandum and Order for each Defendant, and shall forward the same to the United States Marshal for service.  If Plaintiff does

not file a motion for service of process at government expense within 35 days as ordered, the Clerk shall then prepare a summons for each Defendant, and shall forward the summonses and sufficient copies of the complaint and this Memorandum and Order to Plaintiff so that he may have Defendants served.

Plaintiff is **ORDERED** to serve upon Defendants or, if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, if the United States Marshal is appointed to serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for effecting service of process. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file or disclosed by the Marshal.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 17, 2013**

s/ J. PHIL GILBERT

United States District Judge